PER CURIAM.
The defendant appeals from a final judgment entered in favor of the plaintiff after a non-jury trial. The action was brought for breach of contract to sell a large quantity of frozen meat. Although the appellee successfully recovered a judgment in the trial court, it has nevertheless cross-assigned error.
Appellant’s points on appeal urge that the action was barred by the statute of frauds and that the evidence was insufficient. We find that neither point presents error on this record.
Appellee’s points raised by cross-assignment urge error upon the court’s refusal to admit a deposition into evidence and an alleged error in the computation of damages.- The use of the deposition at trial was barred pursuant to Rule 1.330, RCP, 30 F.S.A. A review of the record on this point does not reveal a clear abuse of discretion in view of the provision of the rule that a deposition may not be used when it appears that the absence of the witness was procured by the party attempting to present the deposition. Several factors enter into this determination, and if the ruling of the trial court had been made at pretrial conference so that the plaintiff would have been on notice that the witness would have to be available at trial, we would have given more serious consideration to the question of a possible abuse of discretion.
Appellee’s second point directed to the amount of the damages is insufficient in view of the rule stated in City of Pensacola for Use Chadbourne v. Quina, 138 Fla. 510, 189 So. 688 (1939).
Affirmed.